UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 09 CR 50041-3 |
| v. | ) | |
| | ) | Judge Sara L. Ellis |
| KENNETH TOWNSEND, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION & ORDER

Defendant Kenneth Townsend moves to reduce his sentence under § 404 of the First Step Act, Pub. L. 115-391, 132 Stat. 5194, § 404 (2018). Because the Court finds Townsend eligible for relief under the statute and that he has shown himself deserving of such relief, the Court, in its discretion, grants his motion and reduces his custodial sentence to time served. All other terms of his original sentence remain in effect.

### BACKGROUND

On September 8, 2009, a grand jury charged Townsend and co-defendants with conspiracy to knowingly and intentionally distribute and possess with intent to distribute more than 1 kilogram of mixtures containing heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Doc. 1. In the second superseding indictment, a grand jury charged Townsend and co-defendants with conspiracy to knowingly and intentionally distribute and possess with intent to distribute more than 1 kilogram of mixtures containing heroin and more than 50 grams of mixtures containing cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count 1). Doc. 139. On September 15, 2010, Townsend pleaded guilty to Count 1 of the second superseding indictment. Doc. 373. As part of the plea, Townsend admitted that beginning in January 2008 and continuing until September 1, 2009, he conspired with co-defendants and others to possess with intent to distribute and distribute more than 1 kilogram of mixtures

containing heroin and more than 50 grams of mixtures containing cocaine base. Townsend and a co-defendant took turns mixing, packaging, and distributing "jabs" of heroin to sell to street sellers. Townsend also scheduled the working hours for those sellers. At sentencing, the court found that throughout the conspiracy, the drug trafficking organization ("DTO") sold 700 grams of heroin per week, and Townsend was accountable for approximately 60 kilograms of heroin. Doc. 652 at 51–52.

On February 24, 2011, Judge Kapala sentenced Townsend to 370 months' imprisonment. Doc. 566. The base offense level was 38. *Id* at 52. The court applied a two-level enhancement because Townsend possessed a firearm as part of the conspiracy, as well as a three-level aggravating role enhancement. *Id.* at 64–65, 82. The court also applied a three-level reduction for Townsend's acceptance of responsibility. *Id.* at 103. Townsend's criminal history category was three. *Id.* at 88. After enhancements and reductions, the final offense level was 40, which indicated an advisory guidelines range of 360 months to life imprisonment. In discussing the imprisonment term of 370 months, the court explained that Townsend's prior convictions presented a pattern of recidivism, as well as a predisposition towards drug trafficking offenses. *Id.* at 104–05. On August 27, 2015, the court reduced Townsend's term of imprisonment to 302 months due to a new guidelines range. Doc. 858.

On June 25, 2019, Townsend filed the present motion for a reduced sentence under Section 404 of the First Step Act. The government argues that Townsend is not eligible for relief under the First Step Act and even if he is, the Fair Sentencing Act did not alter his statutory sentencing exposure because the sentencing court found him personally responsible for heroin, not crack cocaine. The government also contends that a sentence reduction is not warranted because Townsend's guidelines range is the same.

2

**ANALYSIS**

The Fair Sentencing Act of 2010 increased the quantity of crack cocaine required to trigger mandatory minimum sentences. Pub. L. No. 111-220, § 2, 124 Stat. 2372, 2372 (2010). However, the Fair Sentencing Act was not retroactive and therefore did not impact defendants who committed acts prior to August 3, 2010. Congress addressed this in 2018 by passing the First Step Act, which made certain provisions of the Fair Sentencing Act retroactive. Pub. L. No. 111-220, 124 Stat. 2372; *United States v. Shaw*, 957 F.3d 734, 737 (7th Cir. 2020). The First Step Act made retroactive the Fair Sentencing Act's increase in the quantity of crack cocaine necessary to trigger § 841's penalties. Section 404(b) of the First Step Act provides, in pertinent part: "A court that imposed a sentence for a covered offense may, on motion of the defendant . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." First Step Act of 2018, Pub. L. No. 115-391, § 404(b), 132 Stat. 5194, 5222 (2018). A "covered offense" is "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . that was committed before August 3, 2010." *Id.* § 404(a).

Relief under the First Step Act is discretionary. *See id.* § 404(c). Therefore, there are two steps in this analysis: (1) whether the defendant is eligible for a sentence reduction under the First Step Act; and (2) whether the Court should reduce the defendant's sentence. *Shaw*, 957 F.3d at 736.

**I.     Eligibility**

Because Townsend committed the relevant offense prior to August 3, 2010, his violation satisfies the first requirement of a "covered offense" under § 404(a) of the First Step Act. The parties disagree about whether the Fair Sentencing Act modified the statutory penalty. The

3

government argues there is no "covered offense" because Townsend was only responsible for distributing 60 kilograms of heroin but no crack cocaine. In other words, the government asks the Court to focus on Townsend's underlying conduct to assess whether the Fair Sentencing Act altered Townsend's penalty range, rather than the underlying statute. The Seventh Circuit has rejected a similar argument, concluding that the phrase "the statutory penalties for which were modified by section 2 or 3" refers to "Federal criminal statute," not to "a violation of a federal criminal statute." *Id.* at 738; *see also United States v. Jackson*, 945 F.3d 315, 320 (5th Cir. 2019) ("If [a defendant] was convicted of violating a *statute* whose penalties were modified by the Fair Sentencing Act, then he meets that aspect of a 'covered offense.'"). Therefore, to determine Townsend's eligibility for relief, the Court evaluates whether the First Step Act modified his statute of conviction.

When the court convicted and sentenced Townsend, the statutory sentence for conspiracy to possess with intent to distribute in excess of 50 grams of cocaine base was 10 years to life. 21 U.S.C. § 841(b)(1)(A) (2006). The Fair Sentencing Act reduced the statutory penalties for 50 grams of cocaine to a lesser range of 5 to 40 years. *Id.* § 841(b)(1)(B). Under current law, 280 grams of cocaine base is necessary to subject a defendant to the higher, 10-year statutory minimum. *Id.* § 841(b)(1)(A). Accordingly, the Fair Sentencing Act modified the statutory penalty for the underlying statute of conviction, thus, there is a "covered offense" for purposes of the First Step Act. *Shaw*, 957 F.3d at 739–40 (defendants eligible to seek relief under the First Step Act because the Fair Sentencing Act modified the penalties for crack cocaine); *United States v. Taylor*, No. 04 CR 495-38, 2020 WL 2476529, at *3 (N.D. Ill. May 13, 2020) (same).

The Seventh Circuit has not yet addressed whether a defendant is eligible for a reduced sentence under the First Step Act when he is charged with a conspiracy to distribute crack

4

cocaine and another controlled substance and, as here, the distribution of that other controlled substance alone provided the basis for the sentence. *See Taylor*, 2020 WL 2476529, at *4. However, many courts have concluded that the defendant's offense is still covered when a defendant was convicted of a multiple-objective conspiracy. *See id.* ("the Fair Sentencing Act modified the statutory penalties for the crack cocaine portion of a multiple-drug conspiracy charge even if the penalties for other controlled substances remain the same" and a multi-objective conspiracy is covered); *United States v. Gravatt*, 953 F.3d 258, 262 (4th Cir. 2020) ("a multi-object conspiracy where the penalties of one object (possession of crack cocaine) were modified by the Fair Sentencing Act, while the penalties of the other (powder cocaine) were not reduced" is covered for purposes of the First Step Act); *see also United States v. Coates*, No. 04 CR 464-4, 2020 WL 2745974, at *2 (N.D. Ill. May 27, 2020) (the defendant's offense was still covered when it involved both heroin and powder cocaine); *United States v. Mitchell*, No. 06 CR 723-2, 2020 WL 1139245, at *3 (N.D. Ill. Mar. 9, 2020) (conviction was a covered offense when the defendant was charged with a heroin and crack cocaine conspiracy); *United States v. Luna*, No. 3:05-CR-58 (SRU), 2020 WL 464778, at *3–4 (D. Conn. Jan. 29, 2020) (collecting cases). This Court agrees. The Fair Sentencing Act modified the statutory penalties for crack cocaine, and the statute of conviction, not the underlying conduct, determines eligibility. *See Shaw*, 957 F.3d at 739 ("[T]he statute of conviction alone determines eligibility for First Step Act relief."). Because the Fair Sentencing Act modified the statutory penalties for the statute of conviction, Townsend is eligible for relief. Although the sentencing court evaluated the relevant quantity of heroin for sentencing purposes, that does not change the underlying offense to which Townsend pleaded guilty. *Cf. United States v. Grullon*, No. 99-CR-1142-008 (JGK), 2020 WL 2793054, at *2 (S.D.N.Y. May 29, 2020) (rejecting the government's argument that there was no covered

5

offense because the jury convicted the defendant of a conspiracy involving crack cocaine and powder cocaine and refusing to interpret "covered offense" to apply only based on the defendant's conduct). In short, Townsend's conviction for conspiring to distribute at least 1 kilogram of heroin, in addition to 50 grams of crack cocaine, may influence this Court's determination of the appropriate relief at the next stage of analysis, but it has no bearing on the Court's determination that Townsend is eligible for relief.

## II. Relief

The Court must now decide whether to exercise its discretion to reduce Townsend's sentence. In determining whether a sentence reduction is warranted, the Court considers the § 3553(a) factors. *Shaw*, 957 F.3d at 742; *see also United States v. Hudson*, No. 19-2075, 2020 WL 4198333, at *3 (7th Cir. July 22, 2020) (in evaluating whether to reduce a defendant's sentence, courts may consider "new statutory minimum or maximum penalties; current Guidelines; post-sentencing conduct; and other relevant information about a defendant's history and conduct"). "Evidence of post-sentencing rehabilitation 'may be highly relevant to several of the § 3553(a) factors that Congress has expressly instructed district courts to consider at sentencing.'" *United States v. Mansoori*, 426 F. Supp. 3d 511, 519 (N.D. Ill. 2019) (quoting *Pepper v. United States*, 562 U.S. 476, 491 (2011)). In his motion for relief, Townsend indicates that during incarceration, he has received a GED and is currently enrolled in college. In addition to GED courses, Townsend has completed approximately twenty educational courses, and he has taken those consistently throughout his incarceration. Townsend also states that he is working towards a vocational training in carpentry. Townsend's commitment to his education demonstrates that throughout his incarceration he has proactively taken steps to rehabilitate himself. And his participation in job fairs alongside enrollment in courses like "decoding

recidivism" and "home ownership" suggest that incarceration appears to have had the desired deterrent effect and Townsend will be law-abiding upon release. Authorities arrested Townsend on September 10, 2009, indicating that Townsend has served nearly 11 years of his sentence. The Bureau of Prisons' webpage lists Townsend's release date as March 30, 2031, thus, he has 11 years of his sentence remaining. The Court remains sensitive to the considerations that supported the original sentence: recognition of the seriousness of the offense, Townsend's leadership role in the DTO, and the desire to avoid unwarranted sentencing disparities. However, Townsend has put forth substantial evidence that demonstrates he has taken steps to improve himself throughout incarceration and would lead a productive life upon release. Townsend is 40 years old and expresses a desire to contribute positively to society. The statutory mandatory minimum sentence applicable to the heroin portion of Townsend's conspiracy conviction is 10 years, well below the 302-month sentence imposed. *See* 21 U.S.C. § 841(b)(1)(A). Townsend has completed 10 years of his sentence, thus, there is no statutory limit on the Court's discretion to reduce his sentence. *See Taylor*, 2020 WL 2476529, at *5.

       The government argues that the Court should not exercise its discretion under the First Step Act to lower Townsend's sentence because the statutory mandatory minimum and maximum and the sentencing guidelines range remain unchanged. The government indicted Townsend with a quantity of 1 kilogram of heroin and 50 grams of crack cocaine. The plea agreement provides that the "parties disagree on the amount of heroin and cocaine base distributed by the DTO on a weekly basis." Doc. 373 at 5. At sentencing, the court found Townsend responsible for distributing 60 kilograms of heroin. The statutory mandatory minimum for 1 or 60 kilograms of heroin is 10 years. When viewed alongside the evidence of Townsend's rehabilitation, the Court finds that a sentence of time served is appropriate because

it appears that Townsend has served a sentence greater than the mandatory minimum. The government argues that Townsend should not receive a "windfall" unavailable to other defendants prosecuted for the same conduct after the enactment of the Fair Sentencing Act. Courts in this district have consistently rejected this argument. *See, e.g.*, *United States v. McMahan*, No. 04 CR 423-2, 2020 WL 1904095, at *5 (N.D. Ill. Apr. 17, 2020) ("the government asks the court to keep [the defendant] in prison based on a hypothetical" that reducing his sentence would result in a windfall); *Mansoori*, 426 F. Supp. 3d at 518–19 ("The Court will not assume that any defendant could have been indicted on a greater drug quantity."); *United States v. Wright*, No. 03 CR 362-2, 2019 WL 3231383, at *3 (N.D. Ill. July 18, 2019) ("Nor does the Government's argument as to potential sentencing disparities change the Court's analysis."). This Court is also unpersuaded that reducing Townsend's sentence will result in such a windfall. Further, any such risk is outweighed by Townsend's positive post-sentencing record.[1]

## CONCLUSION

The Court grants Townsend's motion for a reduced sentence under Section 404 of the First Step Act [922, 924]. The Court orders that Townsend's sentence be reduced to time served. The Court leaves all other conditions of his sentence intact.

Dated: September 24, 2020

SARA L. ELLIS
United States District Judge

---

[1] The government also argues that the Court should dismiss any non-First Step Act claims. However, the government fails to identify such claims, thus, the Court will not address this argument.